The opinion of the Court was delivered by
WaRülaw, Ch.
Whatever diversity of opinion there may be among the Judges of this State, concerning the implication of a fee conditional, and as to some of the incidents of the estate, the existence of the estate itself, with most of its attributes, according to the Common Law, has been recognized by many decisions of our Courts, (a) If there be mischiefs in this state of the law, the Legislature alone can correct them.
In the present instance, the grantor in the deed creates a fee conditional in strict, technical form, by donation to Nancy Her ron and the heirs of her body. There is neither need nor room for implication. In the tenendum of the deed, the terms of tenure are, unto the said Nancy Herron, and the heirs of her body, and assigns, foreverand, in the argument, much stress is laid upon the word “ assigns.” But it is plain that the term “assigns,” by grammatical construction, must be referred to Nancy Herron, the tenant in fee conditional; and that, if it could be construed to refer to the heirs of her body, it cannot enlarge the heirs to take the inheritance, and expresses merely by pleonasm the right of “ assignment ” or alienation incident to the estate. We are satisfied with the reasoning and conclusion *450 of the Chancellor on this point; and it is adjudged and decreed, that Nancy Herron took an estate in fee conditional.
This Court is not agreed on the question, whether the surviving husband of Nancy Herron be entitled to hold for his life, the whole lands, as tenant by the curtesy; and two Chancellors request, that this question be referred to the Court of Errors.
. It is, therefore, ordered, that it be referred to the Court of Errors, to determine the question, whether the surviving husband of a wife, who is tenant in fee conditional, be entitled to hold, by the curtesy, the land for his life, conveyed to the wife in fee conditional.
Johnston, Dünkin and Dakgan, CC., concurred.

 Murrell vs. Mathews, 1 Brev. 190; 2 Bay, 397; Jones ads. Postell & Potter, Harp. 92; Bedon vs. Bedon, 2 Bail. 231; Cruger vs. Heyward, 2 Des. 112, 429; Thomas vs. Benson, 4 Des. 18; Milledge vs. Lamar, 4 Des. 638; Carr vs. Porter, 1 McC. Ch. 90; Henry vs. Felder, 2 McC. Ch. 330; Mazyck vs. Vanderhorst, Bail. Eq. 49; Izard vs. Izard, Bail. Eq. 228; Adams vs. Chaplin, 1 Hill, Ch. 268, 276; Edwards vs. Parksdale, 2 Hill, Ch. 189, 196; Deas vs. Horry, 2 Hill, Ch. 246, Gray vs. Givens, Riley Ch. Cas. 41; Laborde vs. Penn, McM. Eq. 448; Dehay vs. Porcher, 1 Rich. Eq. 269: Whitworth vs. Stuckey, 1 Rich Eq. 404; Chaplin vs. Turner, 2 Rich. Eq. 138; Hull vs. Hull, 2 Stroh. Eq. 189, 3 Rich. Eq. 77; Smith vs. Hilliard, 3 Strob. Eq. 214; Barksdale vs. Gamage, 3 Rich. Eq. 271; Hay vs. Hay, 3 Rich. Eq. 390; McLure vs. Young, 3 Rich. Eq. 563, 574; Buist vs. Dawes, 4 Rich. Eq. 421; Bailey vs. Seabrook, Rich. Eq. Cas. 419.